## SUPREME COURT.

THE PEOPLE *ex rel.* JULIUS BRACK agt. BERNARD REILLY,
sheriff of the county of New York.

*Execution — against the person — what it must recite — Code of Civil Procedure, section 1372.*

An execution against the person, which recites that an execution has been
issued to the *proper* county, and returned unsatisfied is insufficient. It
must specify the county *eo nomine,* and if it does not, the defendant
may be discharged on *habeas corpus.*

*New York Special Term, November,* 1879.

THE petitioner having been imprisoned under an execution
against his person, applies for his discharge under a writ of
*habeas corpus,* on the ground that the process under which he
was arrested does not specify the county to which an execution against his property was issued. The respondent objects,
on the ground that the petition, under which the writ of
*habeas corpus* was granted, does not show that the petitioner
is in the custody of the sheriff of the county of New York,
and that the statute prohibits the court from discharging the
petitioner, upon the ground that his person is charged upon a
process issued on a final judgment of a competent court, and
further, that the process substantially complies with the requirements of the Code.

*Bernard Metzger,* for petitioner.

*A. C. Smith,* for respondent.

*Vanderpoel, Green & Cuming,* for sheriff.

DANIELS, *J.* — From the statement made, that the relator is imprisoned in the county jail under an execution against his person, it is to be inferred that he is detained in the custody of the sheriff of the county. That fact *is* substantially made to appear, and that complies with what has been required by the statute on this subject (3 *R. S.* [*5th ed.*], 884, *sec.* 39). The relator is not precluded from prosecuting the proceeding because of his imprisonment under execution, where that process may appear to be void for want of authority to issue it. Both the provisions made by the statute concerning pro‧ cess of this description, require the construction to be given to the one particularly relied upon by the respondent in the proceeding (*Ib.*, 883, *sec.* 36, *sub.* 2 ; 887, *sec.* 56, *sub.* 3). If that be the nature of the instrument under which the relator is detained, and it so appears upon its face, then it is not legally an execution in any such sense as will preclude a determination of its validity by virtue of the writ of *habeas corpus.* The objection to the process, made in support of this application for the relator's discharge, is, that it failed to comply with what has been prescribed by section 1372 of the Code, and that this failure is disclosed by the process itself. It states that an execution against property was issued to the proper county without indicating what that county was, while by this section of the Code, the execution against the person, in order to subject the defendant to arrest by means of it, must specify the county to which the execution against property was issued ; this is one of the safeguards provided by the legislature to prevent an arrest upon execution before the remedy against the property of the judgment debtor has been exhausted. It is in the nature of a condition which must be legally observed before an imprisonment of the person can be admitted. The defect was a substantial one, rendering the case an improper one for arrest on execution. As the process was issued the arrest was unlawful and the relator must be discharged ; provided, however, that he first files a stipulation that he will not bring an action for false imprisonment.